Lower Perkiomen Valley Regional Sewer Auth. v.
Lower Providence Twp.

450

*Blake E. Dunbar Jr., Wendy F. McKenna* and *Robert L. Brant Jr.,* for plaintiff.

*Michael J. Sheridan,* for defendant.

DRAYER, *S.J.*, February 7, 2011—

## FINDINGS OF FACT AND CONCLUSIONS OF LAW PROCEDURAL HISTORY

The first two cases, nos. 2010-24253 and 2010-24257, are cross-petitions for review of an order of the Pennsylvania Office of Open Records filed at no. AP 2010-0552. Requests for records of Lower Providence Township under the Right to Know Law, act of February 14, 2008, P.L. 6, 65 P.S. 67.101 et seq., were made by Robert L. Brant, Esquire on behalf of the Lower Perkiomen Regional Sewer Authority on May 10, 2010. The township produced some documents and withheld others. It provided a matrix and then an amended matrix noting the reasons it withheld each document. The Sewer Authority filed an appeal to the Office of Open Records under Ch. 11 of the right to know law, 65 P.S. 67.1101 and 67.1102. That office issued its decision on July 19, 2010. The authority and township both filed petitions for review pursuant to Ch. 13 of that law on August 16, 2010 with this court.

On October 16, 2010 we heard argument on both petitions. The township submitted copies of the documents withheld for in camera review. Both parties filed briefs.

The third, no. 2010-28931, was filed on September 29, 2010. It is an appeal from the decision of the office of open records at AP 2010-0742 issued August 31, 2010. The underlying request for records was made by Wendy McKenna, Esquire, of Mr. Brant's office, on behalf of the authority, on June 30, 2010, for seven categories of records, which appear to be a follow-up request arising from the documents produced in response to the May 20, 2010

request. The township responded that all the documents falling within requests numbers 5 and 7 would be produced, and that no documents described in request number 6, existed. Requests 1, 2 and 3 were granted in part and refused in part, and request number 4 was refused.

The authority appealed to the Office of Open Records on August 13, 2010, and on Thursday, August 19, 2010 the township received the notice from the Office of Open Records, directing the submission of a response by August 24, 2010. The township's open records officer was on vacation, so the notice did not get to the township solicitor until August 25, 2010, the day after the response was due. A response was submitted electronically and by overnight delivery that day. On August 31, 2010 the office of open records directed disclosure of all the requested documents without reviewing the documents or the reasons for non-disclosure, because the township's response was one day late. The township moved promptly for reconsideration, but that request was denied.

We heard argument on the township's appeal on November 6, 2010. The parties agreed the township would submit the documents for in camera review, and that all three appeals could be addressed in a single decision.

We are required by 65 P.S. 1302(a) to issue findings of fact and conclusions of law "based on the evidence as a whole" and "clearly and concisely explain the rationale for the decision." This will be done by first explaining the applicable law, then making individual findings of fact, and summary conclusions of law. These should be read to incorporate the discussion of each applicable reason for disclosure or non-disclosure.

## DISCUSSION

The township is a member of the Regional Sewer Authority. The authority receives, transmits and processes sewage from the townships of Lower Providence, Upper Providence and Limerick, and the boroughs of Collegeville and Trappe. The authority is seeking a permit from the Pennsylvania Department of Environmental Resources to construct a new section of its interceptor, the large line that conveys sewage to the treatment plant. It is called the "Middle Interceptor." The Middle Interceptor is to cross the Perkiomen Creek into Lower Providence Township and run within the township between Hoy Park, a public park, and the Cider Mill Bridge.

Complaints were made to township officials and supervisors starting on December 1, 2009. Township officials investigated, contacted officials from other agencies, and deliberated. This culminated in a direction to the township solicitor, made at a public meeting held on April 15, 2010, to send a written protest to DEP. That document, a letter, was sent on April 16, 2010.

A petition for review of a decision of the Pennsylvania Office of Open Records is made to the court of common pleas when records of a local agency are involved. The appeal is heard de novo: the court reviews the record of the Office of Open Records, holds a hearing, if appropriate, and examines the records in camera, if requested. The court is required to make findings of fact and conclusions of law. *Bowling v. Office of Open Records*, 990 A.2d 813 (Pa. Cmwlth. 2010) (en banc); 65 P.S. §67.1302(a). The scope of review is the broadest. *Pennsylvania State Police v. Office of Open Records*, 5 A.3d 473, 476-477 (Pa.

Cmwlth. 2010) (en banc).

The act defines "record" in §67.102 as:

Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency. The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording, information stored or maintained electronically and a data-processed or image-processed document, and "public record" as:

"A record, including a financial record, of a commonwealth or local agency that:

(1) is not exempt under section 708;

(2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or

(3) is not protected by a privilege."

Thus, the act does not waive any privilege.

Section 305(a), 65 P.S. '305(a), provides:

"General rule. -- A record in the possession of a commonwealth agency or local agency shall be presumed to be a public record. The presumption shall not apply if:

(1) the record is exempt under section 708;

(2) the record is protected by a privilege; or

(3) the record is exempt from disclosure under any other Federal or State law or regulation or judicial order or decree."

In No. 2010-24257 the township appealed from that portion of the decision of the office of open records that denied its claim of attorney-client and work product privileges with respect to ten emails and their attachments. The authority, in 2010-24253, seeks review of that portion of the decision that refused to order disclosure. In No. 2010-28931, the township seeks review of the order directing disclosure of all documents.

The attorney-client privilege is statutory, 42 Pa.C.S. §5528:

In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.

*Nationwide Mutual Insurance Company v. Fleming*, 924 A.2d 1259, 1264 (Pa. Super. 2007), aff'd by an equally divided court, 605 Pa. 484, 992 A.2d 65 (2010), holds this privilege protects only communications made by the client to the attorney and communications by the attorney to the client only when those would reveal the client's confidential communication to the attorney. The party asserting the privilege must establish that the holder was or sought to become a client, the person to whom communication was made was a member of the bar or his or her subordinate, the communication relates to a fact of which the attorney was informed without the presence of

strangers for purpose of securing either an opinion of law, legal services or assistance in a legal matter, and the privilege has been claimed and is not waived by the client. *Nationwide*, 924 A.2d at 1264.

Although the Supreme Court granted allocatur to consider whether the attorney-client privilege protects communications from the attorney to the client in *Gillard v. AIG Insurance Company*, 605 Pa. 412, 990 A.2d 1147 (2010)[1], *Nationwide* is the law unless and until it is overruled. Therefore, the claims of attorney-client privilege will be upheld only when the document originates from a township official, employee or agent, or when the work product privilege is applicable. That privilege protects the attorney's confidential work product and description of the services rendered insofar as the description would reveal that work product. *Schenck v. Township of Center*, 893 A.2d 849 (Pa. Cmwlth. 2006), allocatur dismissed as improvidently granted, 601 Pa. 548, 975 A.2d 591 (2009). Documents not privileged do not become privileged by placing them in the hands of an attorney. *In re Gartley*, 491 A.2d 851, 860 (Pa. Super. 1985), aff'd on other grounds, *In re Search Warrant B-21778*, 513 Pa. 429, 521 A.2d 422 (1987); *Commonwealth v. Ferri*, 599 A.2d 208, 212 (Pa. Super. 1991), allocatur denied, 534 Pa. 652, 627 A.2d 730 (1993) *cert. denied*, 510 U.S. 1164 (1994).

The right to know law contains many exceptions to public access in 708, 65 P.S. §67.708, two of which are applicable here. One is for the pre-decisional deliberations of an agency, specifically, in 65 P.S. §708(b)(10)(i)(A):

---

1. That case, docketed in the Supreme Court at No. 10 EAP 2010, was argued on September 14, 2010, but has not been decided.

A record that reflects:

> (A) The internal, predecisional deliberations of an agency, its members, employees or officials or predecisional deliberations between agency members, employees or officials and members, employees or officials of another agency, including predecisional deliberations relating to a budget recommendation, legislative proposal, legislative amendment, contemplated or proposed policy or course of action or any research, memos or other documents used in the predecisional deliberations.

This exception codifies the common law privilege reviewed in *Commonwealth v. Vartan*, 557 Pa. 390, 733 A.2d 1258 (1999) (plurality), which does not apply to information contained in those documents which is purely factual. The township does not dispute the direction that it redact the documents subject to this exception, to provide information that is purely factual. The authority asks the court to rule what information in these documents must be disclosed.

The only other applicable exception is 65 P.S. §67.708(b)(17)(i):

> A record of an agency relating to a noncriminal investigation, including: (i) Complaints submitted to an agency.

\* \* \*

The authority argues this does not protect the identity of the complainant. In *Stein v. Plymouth Township*, 994 A.2d 1179 (Pa. Cmwlth. 2010), the Commonwealth Court

held that it does. A non-criminal investigation is any systematic or official inquiry, and need not be triggered by a complaint. These include visiting and inspecting property, reviewing records and interviewing persons. The purpose of this exception is to protect persons from fear or embarrassment, so they will be willing to participate in the investigatory process. *Department of Health v. Office of Open Records*, 4 A.3d 803, 809-810 (Pa. Cmwlth. 2010).

Several documents subject to the appeal at 2010-28931 are stated by the township to be missing. We cannot order the disclosure of lost or missing records. *August v. Lower Saucon Township Board of Supervisors*, 60 D.& C.2d 785 (C.P. Northampton Cty. 1973).

Finally, we conclude that we will conduct de novo review of the documents that are part of the appeal at 2010-28931. The Act, 65 P.S. §67.1102(a), authorizes the appeals officers in the office of open records to set a schedule for the parties to submit documents in support of their position. The time for the township to respond was brief, its one-day-late response was reasonably excused, and the township solicitor acted promptly when he learned of the schedule the day after it ran out.

Denial of reconsideration by an administrative agency, as opposed to denial by a court, is an appealable order, reviewable for abuse of discretion. *Keith v. Commonwealth, Department of Public Welfare*, 551 A.2d 333, 336 (Pa. Cmwlth. 1988). The refusal to consider a response submitted one day late is akin to the denial of a continuance, which is also reviewable based on an abuse of discretion standard. *Hainsey v. Commonwealth,*

*Pennsylvania Liquor Control Board*, 529 Pa. 286, 602 A.2d 1300 (1992). Given the short time allowed for a response, the township's reasonable excuse, and its solicitor's prompt action, we conclude the refusal of the office of open records to decide this case on the merits was an abuse of discretion.

In *Hainsey v. Commonwealth, Pennsylvania Liquor Control Board*, 529 Pa. 286, 602 A.2d 1300 (1992), the Supreme Court also relied on the de novo nature of review by the trial court, the standard applicable here. When the standard is de novo procedural defects in the administrative proceedings are irrelevant, *Forest Area School District v. Shoup*, 621 A.2d 1121, 1125 (Pa. Cmwlth. 1993), *Weber v. Commonwealth, Department of Transportation*, 675 A.2d 359 (Pa. Cmwlth. 1996), unless those defects go to the ability of the agency to act. *Tieger v. Philadelphia Fair Housing Commission*, 496 A.2d 76, 78, n. 3 (Pa. Cmwlth. 1985).

While we would regard an agency's unexcused failure to participate in proceedings before the office of open records as a basis to refuse to review its decision on the merits, we conclude the township's slight, excused, delay here justifies de novo consideration of that appeal on the merits.

Based on this, the court makes the following:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

*Documents Requested on May 10, 2010*

1. A. Document No. 1 is an email dated 12/1/09 from

a citizen to a township official, making a complaint.

    B. Document No. 1 is exempt from disclosure pursuant to §708(b)(17).

2. A. Document No. 2 is an email dated 12/10/09 forwarding document No. 1 to other township officials.

    B. Document No. 2 is exempt from disclosure pursuant to §708(b)(17).

3. A. Document No. 3 is an email dated 12/10/09 forwarding document No. 1 to other township officials.

    B. Document No. 3 is exempt from disclosure pursuant to 708(b)(10) and 708(b)(17).

4. A. Document No. 4 is an email dated 12/10/09 forwarding document No.1 to other township officials.

    B. Document No. 4 is exempt from disclosure pursuant to 708(b)(10) and 708(b)(17).

5. A. Document No. 5 is an email dated 12/10/09 forwarding document No. 1 to other township officials.

    B. Document No. 5 is exempt from disclosure pursuant to 708(b)(10) and 708(b)(17).

6. A. Document No. 6 is an email dated 1/11/10 among township officials relating to document No. 1 and the investigation that followed.

    B. Document No. 6 is exempt from disclosure pursuant to 708(b)(10) and 708(b)(17).

7. A. Document No. 7 is an email dated 12/10/09 forwarding document No. 1 to other township officials.

B. Document No. 7 is exempt from disclosure pursuant to 708(b)(10) and 708(b)(17).

8. A. Document No. 8 is an email dated 1/10/10 among township officials scheduling an appointment with the author of document No. 1.

B. Document No. 8 is exempt from disclosure pursuant to 708(b)(10) and 708(b)(17).

9. A. Document No. 9 is a email dated 1/11/10 among township officials, giving the address of the author of document No. 1.

B. Document No. 9 is exempt from disclosure pursuant to §§708(b)(10) and 708(b)(17).

10. A. Document No. 10 is an email dated 1/12/10 inquiring about the results of the appointment referred to in document No. 8.

B. Document No. 10 is exempt from disclosure pursuant to §§708(b)(10) and 708(b)(17).

11. Document No. 11 is an email dated 1/12/10 among township officials forwarding a complaint from another resident and discussing the investigation that is to be conducted.

B. Document No. 11 is exempt from disclosure pursuant to §§708(b)(10) and 708(b)(17).

12. A. Document No. 12 is an email dated 1/13/10 among township officials discussing the information gained from the appointment referred to in document No. 10.

462

B. Document No. 12 is exempt from disclosure pursuant to §708(b)(10). It does not contain factual information, so a redacted document need not be supplied.

13. A. Document No. 13 is an email dated 1/14/10 from the complainant who sent document No. 11 to a township official.

B. Document No. 13 is not exempt from disclosure under §708(b)(10) but is exempt under §708(b)(17) because it would reveal the identity of a person submitting a complaint.

14. A. Document No. 14 is an email dated 2/5/10 among township officials.

B. Document No. 14 is exempt from disclosure under §708(b)(10), except for the second full paragraph of text, which is factual information that must be disclosed. All other information may be redacted.

15. Document No. 15 is identical to document No. 14 and shall be treated in the same manner as document No. 14.

16. Document No. 16 is identical to document No. 14 and shall be treated in the same manner as document No. 14.

17. A. Document No. 17 is an email dated 2/5/10 forwarding document No. 14 among township officials.

B. The covering email in document No. 17 is exempt from disclosure under §708(b)(10), and the balance of the document shall be treated in the same manner as document

No. 14.

18. A. Document No. 18 is an email dated 2/23/10 forwarding to township officials minutes of a meeting held February 1, 2010 among township officials.

B. Document No. 18 is exempt from disclosure under §708(b)(10), except for this factual information: from the 5th word of the 3rd full paragraph on first page of the attached minutes through end of that sentence, from the 6th word of the 6th paragraph on the first page of the minutes through end of that sentence, from the 7th word of the 7th paragraph on page 2 of those minutes through end of that sentence, and, under the PADEP Heading on the 3rd page from the 5th word of the 2nd paragraph through the end of that paragraph.

19. A. Document No. 19 is an email dated 3/1/10 forwarding a letter from a township resident.

B. The email is exempt from disclosure under §708(b)(10) and contains no factual information, so a redacted copy need not be supplied. The attached letter is exempt from disclosure under §708(b)(17).

20. A. Document No. 20 is an email from the township solicitor dated 3/9/10 forwarding a letter proposed to be sent to the authority.

B. Document No. 20 is a communication from a lawyer to the client which does not contain information provided by the client to the attorney, and is, therefore, not subject to the attorney client privilege.

21. A. Document No. 21 is an email dated 3/11/10 forwarding the letter attached to document No. 20

to a township resident. The office of open records denied the township's claim of attorney client privilege and the township did not petition for review of that determination.

B. Because there is no objection to the disclosure of document No. 21, and because it forwards to a member of the public a letter we have determined not to be privileged, it must be disclosed.

22. A. Document No. 22 is an email dated 4/7/10 among township officials.

B. Document No. 22 is exempt from disclosure under §708(b)(10) and contains no factual information, so a redacted copy need not be supplied.

23. A. Document No. 23 is an email dated 4/7/10 among township officials and a member of the Pennsylvania General Assembly regarding a meeting with a commonwealth agency.

B. Document No. 23 is exempt from disclosure under §708(b)(10) and contains no factual information, so a redacted copy need not be supplied.

24. A. Document No. 24 is an email dated 4/9/10 from a member of the Pennsylvania General Assembly to township officials with forwarded emails.

B. Document No. 24 is exempt from disclosure under §708(b)(10) and contains no factual information, so a redacted copy need not be supplied.

25. A. Document No. 25 is an email dated 4/12/10 from the township solicitor to township officials.

B. Document No. 25 is exempt from disclosure under §708(b)(10) and contains information provided by township officials to counsel, in confidence, so it is also exempt from disclosure under the attorney-client privilege. Because that privilege is not subject to an exemption for factual information, a redacted copy need not be supplied.

26. A. Document No. 26 is an email dated 4/12/10 from a township official sent in confidence to the township solicitor in response to document No. 25.

B. Document No. 26 is subject to the attorney-client privilege and is therefore exempt from disclosure.

27. A. Document No. 27 is an email dated 4/12/10 among township officials, forwarding documents Nos. 25 and 26.

B. Document No. 27 is exempt from disclosure under §708(b)(10) and contains information provided by township officials to counsel, in confidence, so it is also exempt from disclosure under the attorney-client privilege. Because that privilege is not subject to an exemption for factual information, a redacted copy need not be supplied.

28. A. Document No. 28 is an email dated 4/12/10 from a township official to a township official forwarding the email exchange described in No. 25-27, above.

B. Document No. 28 is exempt from disclosure under §708(b)(10) and contains information provided by township officials, in confidence, so it is also exempt from disclosure under the attorney-client privilege. Because

that privilege is not subject to an exemption for factual information, a redacted copy need not be supplied.

29. A. Document No. 29 is an email dated 4/12/10 from a commonwealth official to township officials, with forwarded emails among officials.

B. Document No. 29 is exempt from disclosure under §708(b)(10) and contains no factual information, so a redacted copy need not be supplied.

30. A. Document No. 30 is an email dated 4/12/10 among township officials providing the email exchange described in No. 26, above.

B. Document No. 30 is exempt from disclosure under §708(b)(10) and contains information provided by township officials to counsel, in confidence, so it is also exempt from disclosure under the attorney-client privilege. Because that privilege is not subject to an exemption for factual information, a redacted copy need not be supplied.

31. A. Document No. 31 is an email dated 4/12/10 among township officials providing the email exchange described in No. 26, above.

B. Document No. 31 is exempt from disclosure under §708(b)(10) and contains information provided by township officials to counsel, in confidence, so it is also exempt from disclosure under the attorney-client privilege. Because that privilege is not subject to an exemption for factual information, a redacted copy need not be supplied.

32. A. Document No. 32 is an email dated 4/13/10

among township officials forwarding document No. 29.

B. Document No. 32 is exempt from disclosure under §708(b)(10) and contains no factual information, so a redacted copy need not be supplied.

33. A. Document No. 33 is an email dated 4/13/10 forwarding document No. 29 to the township solicitor and conveying information.

B. Document No. 33 is exempt from disclosure under §708(b)(10) and contains information provided by township officials to counsel, in confidence, so it is also exempt from disclosure under the attorney-client privilege. Because that privilege is not subject to an exemption for factual information, a redacted copy need not be supplied.

34. A. Document No. 34 is an email dated 4/13/10 from a township official to a commonwealth official responding to document No. 29.

B. Document No. 34 is exempt from disclosure under §708(b)(10) and contains no factual information, so a redacted copy need not be supplied.

35. A. Document No. 35 is an email dated 4/13/10 among township officials forwarding document No. 34.

B. Document No. 35 is exempt from disclosure under §708(b)(10) and contains no factual information, so a redacted copy need not be supplied.

36. A. Document No. 36 is an email dated 4/13/10 among township officials forwarding document No. 34.

B. Document No. 36 is exempt from disclosure

under §708(b)(10) and contains no factual information, so a redacted copy need not be supplied.

37. A. Document No. 37 is an email dated 4/13/10 from a township official to the township solicitor.

B. Document No. 37 is exempt from disclosure under §708(b)(10) and contains information provided by township officials to counsel, in confidence, so it is also exempt from disclosure under the attorney-client privilege. Because that privilege is not subject to an exemption for factual information, a redacted copy need not be supplied.

38. A. Document No. 38 is an email dated 4/13/10 among township officials and the township solicitor providing information concerning document No. 37.

B. Document No. 38 is exempt from disclosure under §708(b)(10) and contains information provided by township officials to counsel, in confidence, so it is also exempt from disclosure under the attorney-client privilege. Because that privilege is not subject to an exemption for factual information, a redacted copy need not be supplied.

39. A. Document No. 39 is an email dated 4/14/10 from the township solicitor to a township official which recites information provided by township officials in confidence.

B. Document No. 39 is exempt from disclosure under the attorney-client privilege.

40. A. Document No. 40 is an email dated 4/14/10 among township officials forwarding document No. 39.

B. Document No. 40 is except from disclosure under the attorney-client privilege.

41. A. Document No. 41 is an email dated 4/15/10 among township officials and the township solicitor.

B. Document No. 41 is exempt from disclosure under §708(b)(10) and contains information provided by township officials to counsel, in confidence, so it is also exempt from disclosure under the attorney-client privilege. Because that privilege is not subject to an exemption for factual information, a redacted copy need not be supplied.

42. A. Document No. 42 is an email dated 4/15/10 from the township solicitor to township officials responding to document No. 41 and seeking information.

B. Document No. 42 is exempt from disclosure under §708(b)(10) and contains information provided by township officials to counsel, in confidence, so it is also exempt from disclosure under the attorney-client privilege. Because that privilege is not subject to an exemption for factual information, a redacted copy need not be supplied.

43. A. Document No. 43 is an email dated 4/15/10 among township officials and the township solicitor responding to document No. 41.

B. Document No. 43 is exempt from disclosure under §708(b)(10) and contains information provided by township officials to counsel, in confidence, so it is also exempt from disclosure under the attorney-client privilege. Because that privilege is not subject to an

exemption for factual information, a redacted copy need not be supplied.

44. A. Document No. 44 is an email dated 4/15/10 among township officials and the township solicitor responding to document No. 43.

B. Document No. 44 is exempt from disclosure under §708(b)(10) and contains information provided by township officials to counsel, in confidence, so it is also exempt from disclosure under the attorney-client privilege. Because that privilege is not subject to an exemption for factual information, a redacted copy need not be supplied.

45. A. Document No. 45 is an email dated 4/15/10 among township officials forwarding documents Nos. 43 and 44 and responding.

B. Document No. 45 is exempt from disclosure under §708(b)(10) and contains information provided by township officials to counsel, in confidence, so it is also exempt from disclosure under the attorney-client privilege. Because that privilege is not subject to an exemption for factual information, a redacted copy need not be supplied.

46. A. Document No. 46 is an email dated 4/15/10 from a township official to the township solicitor providing information.

B. Document No. 46 is exempt from disclosure under §708(b)(10) and contains information provided by township officials to counsel, in confidence, so it is also exempt from disclosure under the attorney-client

privilege. Because that privilege is not subject to an exemption for factual information, a redacted copy need not be supplied.

47. A. Document No. 47 is an email dated 4/15/10 from a complainant to a township official, containing information from government agencies.

B. Document No. 47 is exempt from disclosure pursuant to §§708(b)(10) and 708(b)(17).

48. A. Document No. 48 is an email dated 4/15/10 from a complainant to a township official forwarding document No. 47 with an additional message.

B. Document No. 48 is exempt from disclosure pursuant to §§708(b)(10) and 708(b)(17).

49. A. Document No. 49 is an email dated 4/15/10 from a township official to a complainant, responding to No. 48 and repeating its contents.

B. Document No. 49 is exempt from disclosure pursuant to §§708(b)(10) and 708(b)(17).

50. A. Document No. 50 is an email dated 4/15/10 from a complainant to a township official forwarding No. 49 and attempting to forward an additional document.

B. Document No. 50 is exempt from disclosure pursuant to §§708(b)(10) and 708(b)(17).

51. A. Document No. 51 is an email dated 4/15/10 from a township official to the township solicitor.

B. Document No. 51 is subject to the attorney-client privilege and is exempt from disclosure.

52. A. Document No. 52 is an email dated 4/15/10 from a complainant to a township official forwarding No. 49 and actually forwarding the additional document thought to have been forwarded by document No. 50.

B. Document No. 52 is exempt from disclosure pursuant to §§708(b)(10) and 708(b)(17).

53. A. Document No. 53 is an email dated 4/15/10 from a township official to the township solicitor providing information.

B. Document No. 53 is exempt from disclosure under §708(b)(10) and contains information provided by township officials to counsel, in confidence, so it is also exempt from disclosure under the attorney-client privilege. Because that privilege is not subject to an exemption for factual information, a redacted copy need not be supplied.

54. A. Document No. 54 is an email dated 4/15/10 from a complainant to a township official, re-forwarding and commenting on documents Nos. 48 and 49.

B. Document No. 54 is exempt from disclosure pursuant to §§708(b)(10) and 708(b)(17).

55. A. Document No. 55 is an email dated 4/15/10 from the township solicitor to a township official and reciting information provided.

B. Document No. 55 is exempt from disclosure under §708(b)(10) and contains information provided by township officials to counsel, in confidence, so it is also exempt from disclosure under the attorney-client privilege. Because that privilege is not subject to an

exemption for factual information, a redacted copy need not be supplied.

56. A. Document No. 56 is an email dated 4/15/10 from the township solicitor to township officials forwarding attached documents.

B. The first page of the email and the attached draft are exempt from disclosure under §708(b)(10) but not subject to the attorney-client privilege because information provided by the client in confidence is not recited. The attached request for documents by the Sewer Authority is a public record not subject to any exception and must be disclosed.

57. A. Document No. 57 is an email dated 4/15/10 from the township solicitor to township officials forwarding attached documents.

B. The first page of the email and the attached draft are exempt from disclosure under §708(b)(10) but not subject to the attorney-client privilege because information provided by the client in confidence is not recited. The attached request for documents by the Sewer Authority is a public record not subject to any exception and must be disclosed.

58. A. Document No. 58 is an email from a complainant to a township official.

B. Document No. 58 is exempt from disclosure pursuant to §708(b)(10) and 708(b)(17).

59. A. Document No. 59 is an email dated 4/15/10 from the township solicitor to township officials with attachments.

B. The first page of the email reflects information provided in confidence by township officials to the township solicitor and is subject to the attorney-client privilege. The remaining pages are public records not subject to an exception and must be disclosed.

60. A. Document No. 60 is an email dated 4/16/10 among township officials, forwards the email described in No. 59, above, and the same attachments.

B. The email is exempt from disclosure under §708(b)(10) and the forwarded email, No. 59 reflects information provided in confidence by township officials to the township solicitor and is subject to the attorney-client privilege. The remaining pages are public records not subject to an exception and must be disclosed.

61. A. Document No. 61 is an email dated 4/16/10 among township officials, forwards the email described in No. 59, above, and the same attachments.

B. The email is exempt from disclosure under §708(b)(10) and the forwarded email, No. 59 reflects information provided in confidence by township officials to the township solicitor and is subject to the attorney-client privilege. The remaining pages are public records not subject to an exception and must be disclosed.

62. A. Document No. 62 is an email dated 4/16/10 from a complainant to a township official forwarding No. 49, above, and containing No. 48.

B. Document No. 62 is exempt from disclosure pursuant to §§708(b)(10) and 708(b)(17).

63. A. Document No. 63 is an email dated 4/16/10 from

a complainant to a township official forwarding No. 49, above and containing No. 48 and an additional comment.

B. Document No. 63 is exempt from disclosure pursuant to §§708(b)(10) and 708(b)(17).

64. A. Document No. 64 is an email dated 4/21/10 from the township solicitor to a township official.

B. Document No. 64 is subject to the work product privilege and is exempt from disclosure.

65. A. Document No. 65 is an email dated 4/21/10 distributing No. 64 among township officials.

B. Document No. 65 is subject to the work product privilege and is exempt from disclosure.

66. A. Document No. 66 is an email dated 4/22/10 from a resident to a township official which seeks advice about holding public events, but which also attaches pre-decisional information.

B. The first and last pages of document No. 66 are not predecisional or subject to any other exception and must be disclosed. The second and third pages contain information exempt from disclosure pursuant to §708(b)(10), and no factual information, so redacted copies of those pages need not be provided.

67. A. Document No. 67 is an email dated 4/23/10 having the same sender and recipient as No. 66, expanding on it.

B. The first, second page through the word "Rick" and last page of document No. 66 are not predecisional or subject to any other exception and must be disclosed.

476

The second and third pages contain information exempt from disclosure pursuant to §708(b)(10), and no factual information, so redacted copies of those pages need not be provided.

68. A. Document No. 68 is an email dated 4/28/10 from a resident to a township official, a redacted copy of which was provided by the township to the authority.

B. Document No. 68 is not subject to any exemption and a complete copy must be provided.

69. A. Document No. 69 is an email dated 4/28/10 from a resident to a township official, a redacted copy of which was provided by the township to the authority.

B. Document No. 69 is not subject to any exemption and a complete copy must be provided.

70. A. Document No. 70 is an email dated 4/28/10 from a resident to a township official, a redacted copy of which was provided by the township to the authority.

B. Document No. 70 is not subject to any exemption and a complete copy must be provided.

71. A. Document No. 71 is an email dated 4/28/10 from a resident to a township official, a redacted copy of which was provided by the township to the authority.

B. Document No. 71 is not subject to any exemption and a complete copy must be provided.

72. A. Document No. 72 is an email dated 4/29/10 from the township solicitor to a township official.

B. Document No. 72 contains no information

provided by a client in confidence, is not work product, and must be disclosed.

73. A. Document No. 73 is an email dated 4/29/10 from a township official to the township solicitor.

B. Document No. 73 is a communication from a client to an attorney, made in confidence, is subject to the attorney-client privilege and is not subject to disclosure.

74. A. Document No. 74 is an email dated 4/29/10 from a township official to a resident. A copy was supplied redacting personal medical information concerning the supervisor.

B. The redacted portions of document No. 74 concern only personal medical information, and, based on the agreement of counsel for the authority that this information is not being sought, the redacted copy supplied is sufficient.

75. A. Document No. 75 is an email from the township solicitor to a township official, responding to No. 73.

B. Document No. 75 contains and reveals confidential communications from a client to an attorney, is subject to the attorney-client privilege, and is not subject to disclosure.

76. A. Document No. 76 is an email from a township resident to a township official, a redacted copy of which was provided by the township to the authority.

B. The redacted portions of document No. 76 concern only personal medical information, and, based on the agreement of counsel for the authority that this

478

information is not being sought, the redacted copy supplied is sufficient.

77. A. Document No. 77 is an email dated 5/3/10 from a township resident to a township official.

B. The first, and the second page through the word "Rick" are not predecisional or subject to any other exception and must be disclosed. The remaining pages contain information exempt from disclosure pursuant to §708(b)(10), and no factual information, so redacted copies of those remaining pages need not be provided.

*Documents Requested on June 30, 2010*

*Request No. 1*

78. A. Document No. 4 is an email dated 6/8/10 from a township official to the township solicitor, seeking legal advice.

B. Document No. 4 is exempt from disclosure under the attorney-client privilege.

79. A. Document No. 8 consists of several emails ending with the date 6/5/10 discussing an upcoming meeting to be held among township and state offices about any issues not relating to the interceptor.

B. Document No. 8 is exempt from disclosure as pre-decisional deliberations under §708(b)(10), and need not be disclosed.

80. A. Document No. 11 consists of several emails ending with the date 5/25/10 among township and township sewer authority officials about issues not relating to the interceptor.

B. Document No. 11 is exempt from disclosure as pre-decisional deliberations under §708(b)(10), and need not be disclosed.

81. A. Document No. 12 consists of several emails ending with the date 5/25/10 among township and township sewer authority officials about issues not relating to the interceptor.

B. Document No. 12 is exempt from disclosure as pre-decisional deliberations under §708(b)(10), and need not be disclosed.

82. A. Document No. 19 consists of several emails ending with the date 5/3/10 among township and township sewer authority officials concerning the interceptor.

B. Document No. 19 is exempt from disclosure as pre-decisional deliberations under §708(b)(10), and need not be disclosed.

83. A. Document No. 22 consists of several emails ending with the date 4/30/10 all included within document No. 19.

B. Document No. 22 is exempt from disclosure as pre-decisional deliberations under §708(b)(10), and need not be disclosed.

84. A. Document No. 23 consists of several emails ending with the date 4/29/10 all included within document No. 22.

B. Document No. 23 is exempt from disclosure as pre-decisional deliberations under §708(b)(10), and need not be disclosed.

85. A. Document No. 24 consists of several emails ending with the date 4/29/10 among township and township sewer authority officials about issues not relating to the interceptor.

B. Document No. 24 is exempt from disclosure as pre-decisional deliberations under §708(b)(10), and need not be disclosed.

86. A. Document No. 32 is a series of emails ending with the date 4/16/10 among township officials, copied to the township solicitor, and forwarding an email from a state official.

B. Document No. 32 is exempt from disclosure as pre-decisional deliberations under §708(b)(10), and need not be disclosed, but the claim of attorney-client privilege is denied because it only puts non-privileged documents in the hands of an attorney, which does not make non-privileged documents privileged.

87. A. Document No. 33 is an email dated 4/16/10 to which a photograph is attached, which the township asserts is not a public record, but was maintained on a township computer.

B. Because Document No. 33 is maintained on a township computer it is a public record not asserted to be within any exception, so it must be disclosed.

88. A. Document No. 34 is an email dated 4/15/10 to the township solicitor, and other officials seeking comment by the solicitor.

B. Document No. 34 is exempt from disclosure as pre-decisional deliberations under §708(b)(10) and as

attorney-client privileged, and need not be disclosed.

89. A. Document No. 35 is an email dated 4/15/10 from a township official to the township solicitor, copied to other township officials seeking comment by the solicitor.

B. Document No. 35 is exempt from disclosure under that attorney-client and work product privileges and need not be disclosed.

90. A. Document No. 36 is an email dated 4/15/10 from a township official to the township solicitor, copied to other township officials, containing the emails in document No. 35, seeking comment by the solicitor.

B. Document No. 36 is exempt from disclosure under that attorney-client and work product privileges and need not be disclosed.

91. A. Document No. 37 is an email dated 4/15/10 from a township official to the township solicitor, copied to other township officials, containing the emails in document No. 35, seeking comment by the solicitor.

B. Document No. 37 is exempt from disclosure under the attorney-client and work product privileges and need not be disclosed.

92. A. Document No. 39 is an email dated 4/13/10 from a township official to the township solicitor, conveying information.

B. Document No. 39 is exempt from disclosure under the attorney-client and work product privileges and need not be disclosed.

93. A. Document No. 44 is a series of emails ending

on 4/13/10 among township officials.

B. Document No. 44 is exempt from disclosure as pre-decisional deliberations under §708(b)(10) and need not be disclosed.

94. A. Document No. 45 is a series of emails ending 4/12/10 among township officials including the emails included in document No. 39.

B. Document No. 45 is exempt from disclosure under the attorney-client and work product privileges and need not be disclosed.

95. A. Document No. 53 is an email dated 3/19/10 among township officials forwarding an email from a township resident.

B. Document No. 53 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

96. A. Document No. 54 cannot be located.

B. Since document No. 54 is missing it cannot be disclosed.

97. A. Document No. 56 is an email dated 3/10/10 among township officials concerning a complaint not related to the interceptor.

B. Document No. 56 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17), and need not be disclosed.

98. A. Document No. 57 is a series of emails ending

3/4/10 among township officials including information provided by township residents.

B. Document No. 57 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

99. A. Document No. 58 is a series of emails ending 3/3/10 among township officials, included in document No. 57.

B. Document No. 58 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

100. A. Document No. 59 is a series of emails ending 3/3/10 among township officials, included in document No. 58.

B. Document No. 59 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

101. A. Document No. 62 is an email among township officials forwarding copies of old advertisements.

B. Counsel for the authority agreed at oral argument the authority is not seeking old advertisements, so this document need not be disclosed.

102. A. Document No. 63 is an email among township officials forwarding copies of old advertisements.

B. Counsel for the authority agreed at oral

argument the authority is not seeking old advertisements, so this document need not be disclosed.

103. A. Document No. 70 is an email dated 1/26/10 among township officials forwarding complaints from township residents.

B. Document No. 70 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

104. A. Document No. 71 is an email dated 1/26/10 among township officials concerning complaints from township residents.

B. Document No. 71 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

*Request No. 2*

105. A. Document No. 1 is an email dated 6/30/10 from Cathy Beyer to township and state officials.

B. Document No. 1 is post-decisional and concerns involving public officials in a court proceeding, does not fall within any exception, and must be disclosed.

106. A. Document No. 4 is a series of emails ending 6/8/10 among township officials.

B. Document No. 4 is post-decisional and concerns strategy, does not fall within any exception, and must be disclosed.

107. A. Document No. 8 is an email dated 6/1/10 from Cathy Beyer to a state official, copied to township officials.

B. Document No. 8 is post-decisional, does not fall within any exception, and must be disclosed.

108. A. Document No. 9 is an email dated 5/25/10 from Cathy Beyer to township officials concerning public notice.

B. Document No. is post-decisional, does not fall within any exception, and must be disclosed.

109. A. Document No. 10 is an email dated 5/30/10 from Cathy Beyer to various officials seeking assistance with permit termination.

B. Document No. 10 is post-decisional, does not fall within any exception, and must be disclosed.

110. A. Document No. 11 is an email dated 5/19/10 from Cathy Bayer to a township official concerning public documents.

B. Document No. 11 is post-decisional, does not fall within any exception, and must be disclosed.

111. A. Document No. 15 is an email dated 5/18/10 from Cathy Beyer to an official of the Army Corps of Engineers, copied to township officials.

B. Document No. 15 is post-decisional, does not fall within any exception, and must be disclosed.

112. A. Document No. 16 is an email dated 5/7/10 from Cathy Beyer to township officials concerning

conversation with Army Corps of Engineers representative.

B. Document No. 16 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

113. A. Document No. 17 is an email dated 5/7/10 from Cathy Beyer to state officials and forwarded to a township official.

B. Document No. 17 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

114. A. Document No. 22 is an email dated 4/29/10 which was supplied to the authority, but from which was redacted personal medical information.

B. The authority agrees personal medical information need not be disclosed, so an unredacted version of this document need not be produced.

115. A. Document No. 23 is an email dated 4/29/10 which was supplied to the authority, but from which was redacted personal medical information.

B. The authority agrees personal medical information need not be disclosed, so an unredacted version of this document need not be produced.

116. A. Document No. 27 is an email dated 4/28/10 which was supplied to the authority, but from which was redacted personal medical information.

B. The authority agrees personal medical information need not be disclosed, so an unredacted version of this document need not be produced.

117. A. Document No. 28 is an email dated 4/28/10 which was supplied to the authority, but from which was redacted personal medical information.

B. The authority agrees personal medical information need not be disclosed, so an unredacted version of this document need not be produced.

118. A. Document No. 29 is an email dated 4/28/10 which was supplied to the authority, but from which was redacted personal medical information.

B. The authority agrees personal medical information need not be disclosed, so an unredacted version of this document need not be produced.

119. A. Document No. 33 is an email dated 4/27/10 which was supplied to the authority, but from which was redacted personal medical information.

B. The authority agrees personal medical information need not be disclosed, so an unredacted version of this document need not be produced.

120. A. Document No. 35 is an email dated 4/27/10 which was supplied to the authority, but from which was redacted personal medical information.

B. The authority agrees personal medical information need not be disclosed, so an unredacted version of this document need not be produced.

488

121. A. Document No. 36 is an email dated 4/27/10 which was supplied to the authority, but from which was redacted personal medical information.

B. The authority agrees personal medical information need not be disclosed, so an unredacted version of this document need not be produced.

122. A. Document No. 38 contains emails which were produced, from which was redacted an email dated 4/15/10 from state officials to township officials.

B. The redacted portions of document No. 38 are exempt from disclosure as pre-decisional deliberations under §708(b)(10) and need not be disclosed.

123. A. Document No. 39 contains emails which were produced, from which was redacted an email dated 4/15/10 from state officials to township officials.

B. The redacted portions of document No. 39 are exempt from disclosure as pre-decisional deliberations under §708(b)(10) and need not be disclosed.

124. A. Document No. 40 contains emails which were produced, from which was redacted an email dated 4/15/10 from state officials to township officials.

B. The redacted portions of document No. 40 are exempt from disclosure as pre-decisional deliberations under §708(b)(10) and need not be disclosed.

125. A. Document No. 41 contains emails which were produced, from which was redacted an email dated 4/15/10 from state officials to township officials.

B. The redacted portions of document No. 41 are exempt from disclosure as pre-decisional deliberations under §708(b)(10) and need not be disclosed.

126. A. Document No. 42 contains emails which were produced, from which was redacted an email dated 4/15/10 from state officials to township officials.

B. The redacted portions of document No. 42 are exempt from disclosure as pre-decisional deliberations under §708(b)(10) and need not be disclosed.

127. A. Document No. 43 contains emails which were produced, from which was redacted an email dated 4/15/10 from state officials to township officials.

B. The redacted portions of document No. 43 are exempt from disclosure as pre-decisional deliberations under §708(b)(10) and need not be disclosed.

128. A. Document No. 44 contains emails which were produced, from which was redacted an email dated 4/15/10 from state officials to township officials.

B. The redacted portions of document No. 44 are exempt from disclosure as pre-decisional deliberations under §708(b)(10) and need not be disclosed.

129. A. Document No. 45 contains emails which were produced, from which was redacted an email dated 4/15/10 from state officials to township officials.

B. The redacted portions of document No. 45 are exempt from disclosure as pre-decisional deliberations under §708(b)(10) and need not be disclosed.

130. A. Document No. 46 contains emails which were produced, from which was redacted an email dated 4/15/10 from state officials to township officials.

B. The redacted portions of document No. 46 are exempt from disclosure as pre-decisional deliberations under §708(b)(10) and need not be disclosed.

131. A. Document No. 47 is said to be a picture attached to an email unrelated to the interceptor dispute, which cannot be located.

B. Since document No. 47 is missing it cannot be disclosed.

132. A. Document No. 48 contains emails which were produced, from which was redacted an email dated 4/15/10 from state officials to township officials.

B. The redacted portions of document No. 48 are exempt from disclosure as pre-decisional deliberations under §708(b)(10) and need not be disclosed.

133. A. Document No. 49 contains emails which were produced, from which was redacted an email dated 4/15/10 from state officials to township officials.

B. The redacted portions of document No. 49 are exempt from disclosure as pre-decisional deliberations under §708(b)(10) and need not be disclosed.

134. A. Document No. 50 contains emails which were produced, from which was redacted an email dated 4/15/10 from state officials to township officials.

B. The redacted portions of document No. 50

are exempt from disclosure as pre-decisional deliberations under §708(b)(10) and need not be disclosed.

135. A. Document No. 51 contains emails which were produced, from which was redacted an email dated 4/15/10 from state officials to township officials.

B. The redacted portions of document No. 51 are exempt from disclosure as pre-decisional deliberations under §708(b)(10) and need not be disclosed.

136. A. Document No. 53 is an email dated 4/14/10 which was supplied to the authority, but from which was redacted personal medical information.

B. The authority agrees personal medical information need not be disclosed, so an unredacted version of this document need not be produced.

137. A. Document No. 54 is an email dated 4/14/10 which was supplied to the authority, but from which was redacted personal medical information.

B. The authority agrees personal medical information need not be disclosed, so an unredacted version of this document need not be produced.

138. A. Document No. 55 is an email dated 4/13/10 which was supplied to the authority, but from which was redacted personal medical information.

B. The authority agrees personal medical information need not be disclosed, so an unredacted version of this document need not be produced.

139. A. Document No. 56 is an email dated 4/13/10

which was supplied to the authority, but from which was redacted personal medical information.

B. The authority agrees personal medical information need not be disclosed, so an unredacted version of this document need not be produced.

140. A. Document No. 57 is an email dated 4/13/10 which was supplied to the authority, but from which was redacted personal medical information.

B. The authority agrees personal medical information need not be disclosed, so an unredacted version of this document need not be produced.

141. A. Document No. 58 is an email dated 4/13/10 which was supplied to the authority, but from which was redacted personal medical information.

B. The authority agrees personal medical information need not be disclosed, so an unredacted version of this document need not be produced.

142. A. Document No. 59 is an email dated 4/13/10 which was supplied to the authority, but from which was redacted personal medical information.

B. The authority agrees personal medical information need not be disclosed, so an unredacted version of this document need not be produced.

143. A. Document No. 62 is a series of emails ending 4/8/10 between Cathy Beyer and Rick Brown forwarding and discussing earlier emails.

B. Document No. 62 is a complaint submitted

to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

144. A. Document No. 63 is the same as document No. 62, deleting the top (most recent) email.

B. Document No. 63 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

145. A. Document No. 64 is the same as document No. 63, deleting the top (most recent) email.

B. Document No. 64 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

146. A. Document No. 67 is a series of emails ending 3/20/10 containing, discussing and responding to complaints from township residents.

B. Document No. 67 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

147. A. Document No. 73 is a series of emails ending 3/4/10 containing, forwarding and responding to complaints from township residents.

B. Document No. 73 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17)

494

and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

148. A. Document No. 74 is the same as document No. 73, omitting some of the most recent emails.

B. Document No. 74 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

149. A. Document No. 75 is the same as Document No. 74, omitting some of the most recent emails.

B. Document No. 75 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

150. A. Document No. 76 is the same as document No. 75, omitting some of the most recent emails.

B. Document No. 76 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

151. A. Document No. 77 cannot be located, but is said to be a complaint from a resident dated 2/3/10 or 4/10/10.

B. Since document No. 77 is missing it cannot be disclosed.

152. A. Document No. 78 is the same as document No. 76, omitting some of the most recent emails.

B. Document No. 78 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

153. A. Document No. 79 is the same as document No. 78, omitting the last email.

B. Document No. 79 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

154. A. Document No. 80 is the same as document No. 79, omitting the top email.

B. Document No. 80 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

155. A. Document No. 81 is the same as document No. 80, omitting the top email.

B. Document No. 81 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

156. A. Document No. 82 is the same as document No. 81, omitting the top email.

B. Document No. 82 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure

under §708(b)(10) and need not be disclosed.

157.   A. Document No. 83 is the same as document No. 82, omitting the top email.

B. Document No. 83 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

158.   A. Document No. 84 is the same as document No. 83, omitting the top email.

B. Document No. 84 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

159.   A. Document No. 85 is the same as document No. 84, omitting the top email.

B. Document No. 85 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

160.   A. Document No. 86 is an email dated 1/28/10 containing and discussing complaints from residents.

B. Document No. 86 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

161.   A. Document No. 88 is the same as document No. 86, omitting the top email.

B. Document No. 88 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

162. A. Document No. 89 is an email dated 1/27/10 from Cathy Beyer to a state official, copied to township officials forwarding and discussing information and complaints.

B. Document No. 89 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

163. A. Document No. 90 is an email dated 1/27/10 from Cathy Beyer to various officials forwarding and discussing information and complaints.

B. Document No. 90 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

164. A. Document No. 91 is an email dated 1/27/10 from Cathy Beyer to various officials forwarding and discussing information and complaints.

B. Document No. 91 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

165. A. Document No. 92 is an email dated 1/27/10 from Cathy Beyer to various officials forwarding and discussing information and complaints.

B. Document No. 92 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

166. A. Document No. 93 is an email dated 1/27/10 from Cathy Beyer to various officials forwarding and discussing information and complaints.

B. Document No. 93 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

167. A. Document No. 94 is identical to document No. 93.

B. Document No. 94 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

168. A. Document No. 95 is an email dated 1/26/10 from Cathy Beyer to various officials forwarding and discussing information and complaints.

B. Document No. 95 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

169. A. Document No. 96 is an email dated 1/26/10 from Cathy Beyer to a various officials forwarding and discussing information and complaints.

B. Document No. 96 is a complaint submitted

to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

170. A. Document No. 97 is an email dated 1/26/10 from Cathy Beyer to various officials forwarding and discussing information and complaints.

B. Document No. 97 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

171. A. Document No. 98 is an email dated 1/26/10 from a Township official to various officials and residents forwarding and discussing information and complaints.

B. Document No. 98 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(17) and need not be disclosed.

*Request No. 3*

172. A. Document No. 1 is an email dated 4/15/10 among state and township officials, which is redacted from document No. 38 and others in request No. 2, above.

B. Document No. 1 contains pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

173. A. Document No. 3 is an email dated 4/13/10 from a township official to a state official, forwarding earlier emails containing complaints and deliberations.

B. Document No. 3 is a complaint submitted to

an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

174.   A. Document No. 4 is the same as document No. 3, without the top email.

B. Document No. 4 is a complaint submitted to an agency, exempt from disclosure under §708(b)(17) and pre-decisional deliberations exempt from disclosure under §708(b)(10) and need not be disclosed.

*Request No. 4*

175. A. The document that responds to request No. 4 is identical to the document attached to the email described in request No. 18 from the documents requested on May 20, 2010.

B. This document is exempt from disclosure under §708(b)(10), except for this factual information: from the 5th word of the 3rd full paragraph on first page of the attached minutes through end of that sentence, from the 6th word of the 6th paragraph on the first page of the minutes through end of that sentence, from the 7th word of the 7th paragraph on page 2 of those minutes through end of that sentence, and, under the PADEP Heading on the 3rd page from the 5th word of the 2nd paragraph through the end of that paragraph.